## PRATT v. BRICKEY.

Ohio Appeals, 4th Dist., Lawrence Co.

Decided Nov. 27, 1928.

James Collier, Ironton, for Pratt.
William J. Mahoney, Ironton, for Brickey.

**MAUCK, J.**

We can not reverse the case as being manifestly opposed to the weight of the testimony. We have read the record and, of course, find it full of contradictory testimony. There is nothing improbable in the story of the plaintiff. The testimony of numerous witnesses in behalf of the defendant seriously reflects upon the character of the plaintiff and upon the story which she narrated. It is simply a case of the credibility of the witnesses, and we have no disposition to substitute our judgment for the judgment of the jury who observed those witnesses on the stand.

The special instructions requested by the defendant were these: First, that if the jury found from the evidence that the prosecutrix had relations with other men at such a time as to make it doubtful as to who was the father of the child her testimony alone should not prevail but that the paternity of the child must be established by some corroborative evidence. And the second request was that the jury be charged that the case might be made by a preponderance of the evidence but that the prosecutrix must be corroborated by other evidence. It is too well settled in this state to justify discussion that a bastardy action is a civil proceeding and that the issues may be proven by a mere preponderance of the testimony. The peculiar nature of such a proceeding and the lack of much direct testimony has evidently resulted in statutes requiring that the complainant have corroboration of her testimony. The law on this subject has been amply reviewed in a note to **Overseer of Poor v. Eason, 1 A. L. R. 635.** The reading of this note discloses that the general rule is that in the absence of statute requiring corrroboration such corroboration is not essential to a conviction in a bastady proceeding.. The trial court was right in refusing to give the requested instruction.

**Middleton, P. J., and Thomas, J., concur.**